UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDINA RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-04112-NW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 1 |

This habeas action concerns the detention of Petitioner Medina Rodriguez, a noncitizen who has lived in the United States since he was paroled into the country on June 28, 2024. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner has been detained without any finding that he is a flight risk or danger to the community before a neutral decisionmaker. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus.

I.   **BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States on June 28, 2023 on a pre-approved grant of Cuban Humanitarian Parole. ECF No. 9-1 at 3. Following his parole into the United States, Petitioner submitted an Application to Register for Permanent Residence of Adjustment of Status pursuant to the Cuban Adjustment Act, which was accepted by USCIS for processing and remains pending. *Id*. Petitioner was re-detained by U.S. Immigrations and Customs Enforcement ("ICE") on May 18, 2026, while he was reporting to probation at the Florida Department of Corrections Probations Department in relation to a recent conviction for driving under the influence. *Id*. at 2.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner argues that his detention violates due process, and he is entitled to a bond hearing where the Government must justify the necessity of his continued detention. *See* ECF No. 1 at 17; ECF No. 10 at 7. While acknowledging "that the current case mirrors the issues in numerous cases decided by Courts in this District finding the government's legal position to be incorrect and the alien's detention unlawful[,]" Respondents maintain that Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. §1225(b)." ECF No. 9 at 1–2.

Respondents' argument that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) has been widely rejected across this circuit, and indeed, throughout the United States where an individual was previously released on parole. *See, e.g., Benavente v. Raycraft*, 820 F. Supp. 3d 661, 669-70 (W.D. Mich. 2025) (collecting cases); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1107–08 (E.D. Cal. 2025); *Aguiar Olivares v. ICE Custodian*, No. 9:26-CV-00203 (AMN), 2026 WL 686090, at *6 (N.D.N.Y. Mar. 11, 2026). "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). As such, the Court finds meritless

the Government's position that Petitioner—who, more than two years ago, presented himself at a port of entry, was paroled into the country, and whose application for adjustment of status remains pending—is "seeking admission" and subject to mandatory detention as if he had been arrested attempting to unlawfully cross the border. Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

Court's throughout this Circuit—including this Court—have granted procedural due process claims where an individual was previously placed on parole by immigration and authorities, and then re-detained by ICE. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with a bond hearing are minimal.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Petitioner SHALL be provided a *substantive* bond hearing within seven (7) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. The bond hearing may be postponed on Petitioner's request.

2. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present.

3. Respondents shall file the Immigration Judge's order and findings within five (5) days of the hearing being held.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

4